Law Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CM0605-12 |
| vs. | |
| PIUS ANTHONY ONOPEY, | DECISION AND ORDER |
| Defendant. | |

FILED COURT
JUN 30 PM 12: 09
CLERK OF COURT
By

This matter came before the HONORABLE VERNON P. PEREZ on October 22, 2013 on Defendant's Motion to Dismiss. Assistant Attorney General Christine S. Tenorio appeared on behalf of the Government. Attorney Brian E. Kegerreis appeared on behalf of the Defendant. Having reviewed the pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant was arrested on February 7, 2009 for Driving While under the Influence of Alcohol. On November 4, 2009, the People filed the case before the Court charging Defendant with Driving While under the Influence of Alcohol as a Misdemeanor. The Court dismissed that case without prejudice pursuant to the language in the Guam Supreme Court case *People v. Rasauo*, 2011 Guam 14 ("*Rasauo II*"). The People then refiled this case on June 29, 2012 as a new case, but Defendant was not arraigned until September 12, 2012, seventy-five days later. Defendant again brings this motion to dismiss based on *Rasauo II*.

## DISCUSSION

The Court first points out that at the October 22 hearing on the motion to dismiss, the Court afforded the Government two weeks to respond to Defendant's motion. As of this date, no opposition has been filed. Although the Court could essentially treat the Government's inaction as a non-opposition to Defendant's motion, the Court will decide this motion on its merits.

The Supreme Court's decision in *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Delay in

arraignment, however, may be excused where "good cause" is shown. *Id.* at ¶14. To that end, the Supreme Court held that "compliance with this new standard . . . require[s] a case by case analysis of whether or not the 'specific circumstance' of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.*

In *People v. Julian*, 2012 Guam 26, the Guam Supreme Court affirmed the trial court's dismissal, finding that that no good cause was shown for the delay to promptly arraign the defendant therein. In that case, the delay was attributed to the processing and service of the summons. The Supreme Court found that "[a]lthough the trial judge suggests a diligent effort by the Marshal to serve [the Defendant], the mere three attempts to serve without explanation as to the failures does not itself justify good cause for the delay to promptly arraign [the Defendant]." *Id.* at ¶ 29.

In the present case, the Government filed a complaint on June 29, 2012. A summons was issued on July 9, 2012, and an initial hearing date was scheduled for August 8, 2012. The Marshals received the summons on July 9, 2012 and attempted service on August 7, 2012. An Affidavit of Non-Service was filed on August 8, stating that service was unsuccessful "due to time limitation." A summons was re-issued that same day and the arraignment was rescheduled for September 5, 2012. The Marshals were finally able to effectuate service on Defendant roughly three weeks later on August 27, 2012. Defendant appeared at the September 5 hearing and the Public Defender Services Corporation was appointed as counsel. The arraignment was continued to September 12, 2012. Defendant appeared on that day and was arraigned, a total of 75 days from the filing of the complaint.

The Court file is devoid of any indications of good cause to excuse the delay. It is not clear to the Court whether or not the Marshals put forth enough effort to locate Defendant creating good cause for violation of prompt arraignment. If Defendant purposely delayed or evaded service good cause would be found. If the Defendant did nothing to delay service and the Marshals put forth a lackluster effort to notify Defendant then good cause would not be found. The Court cannot conclude that a failure to serve Defendant "due to time limitation" justifies good cause for the delay, especially given that the Court previously dismissed this matter for

failure to promptly arraign Defendant. For those reasons, the Court will again dismiss this case.

The next issue is whether dismissal should be with or without prejudice. Dismissal in a criminal case shall be with prejudice when there is actual prejudice to the defendant and the defendant's ability to prepare a defense. The length of delay is the most essential factor for a trial court, but there are other factors to consider. The United States Supreme Court stated "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restriction on his liberty." *United States v. Taylor*, 487 U.S. 326, 340 (1988). Moreover, the United States Supreme Court has recognized that "[d]ismissal without prejudice is not a toothless sanction" because "it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.* at 342. Where the violations involve both constitutional and statutory violations of the defendant's speedy trial right there is a greater likelihood for dismissal with prejudice.

One of the factors to consider is the seriousness of the offense as the more serious the offense, the more weight given to dismissal without prejudice. *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). Under liberty concerns, courts should consider effects on employment, financials, social association, anxiety of the defendant, anxiety of friends and family, and public criticism. *Taylor*, 340. In combination with the overall length of delay, the Court should also consider the fading memories of witnesses and deterioration of exculpatory evidence to establish actual prejudice. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

In the present case, the Court concludes that dismissal without prejudice is appropriate. Although the Court acknowledges the length of delay in this case, Defendant has presented no support as to any of the above-mentioned factors to show that actual prejudice has occurred. Further, there have been no suggestions that witnesses are now unavailable or that exculpatory evidence is now missing or deteriorated. Lastly, the Court does not find any bad faith by the Government or the Court in causing the delay. On that basis, the Court concludes that dismissal with prejudice is not warranted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

So **ORDERED** this 30th day of January, 2014.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.
Da___ ___ ___ ___am

JAN 3 0 2014

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

*People v. Onopey,*
Decision and Order
Criminal Case No. CF0605-12                     - Page 4 of 4 -